***NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JEVON LEWIS, | : | |
| | : | Civil Action No.   13-1453 (JEI) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

**IRENAS**, Senior District Judge:

Presently before the Court is the motion of Jevon Lewis ("Petitioner") to amend his motion vacate his conviction, brought pursuant to Rule 15(a).  (ECF No. 18).  For the following reasons, the Court will dismiss the motion to amend for want of jurisdiction.

## I. BACKGROUND

Petitioner filed his motion to vacate his conviction pursuant to 28 U.S.C. § 2255 on or about February 25, 2013.  (ECF No. 1).  This Court provided Petitioner with notice pursuant to *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), that he was required to file all of his § 2255 claims in a single, all-inclusive motion and that he would be unable to bring a second or successive motion without meeting the requirements of 28 U.S.C. § 2244 on June 13, 2015.  Petitioner did not respond to that notice, and so this Court ruled on the motion as filed.  (ECF No. 2).  On June 11, 2015, this Court entered an opinion and order denying Petitioner's § 2255 motion on the merits and entering judgment in this matter.  (ECF No. 16, 17).  On or about June 22, 2013, after this Court had entered judgment as to Petitioner's § 2255 motion, Petitioner filed the instant motion to

amend. (ECF No. 18). In his motion, Petitioner states the following:

> Petitioner [moves] pursuant to [R]ules 15(a) and 19(a), Fed. R. Civ. P., request[ing] leave to file an amended [motion to vacate] to include more or different facts, or add new legal claims.
>
> Petitioner . . . properly brings this instant habeas action under [28 U.S.C. § 2241] to amend [the motion to vacate] under newly discovered evidence that was just revealed to [him] in the past couple of weeks. <u>Amending Actual Innocence claim on Count 2 and 3.</u> Petitioner['] s actual innocen[ce] claims second to the above title[d] action. The first claim being, <u>Illegal sentence and conviction on Count 1</u>. This [C]ourt should grant leave freely to Amend a complaint. *Foman v. Davis*, 371 U.S. 178, 182 (1962)[.]

(ECF No. 19). Petitioner includes with his motion neither a statement of this purported amended claim, nor any further information.

## II. DISCUSSION

Petitioner seeks to amend his § 2255 motion on the merits of which this Court has already ruled. Once a court has adjudicated a matter on the merits, Rule 15's amendment provisions no longer apply to that matter. *See Ahmed v. Dragovich*, 297 F.3d 201, 207-8 (3d Cir. 2002) ("Although Rule 15 vests the District Court with considerable discretion to permit amendment 'freely . . . when justice so requires,' the liberality of the rule is no longer applicable once judgment has been entered"). Where a petitioner attempts to present new claims following the resolution on the merits of his § 2255 motion, he is, in reality, attempting to file a second or successive § 2255 motion. *See, e.g., Blystone v. Horn*, 664 F.3d 397, 412 (3d Cir. 2011); *see also Hernandez v. United States*, Civil Action No. 10-4943, 2015 WL 4459442, at *2-3 (D.N.J. July 20, 2015). "Section 2255, as amended by AEDPA, bars second or successive habeas petitions absent exceptional circumstances and certification by the appropriate court of appeals." *United States v.*

*Chew*, 284 F.3d 468, 470 (3d Cir. 2002) (quoting *Miller*, 197 F.3d at 649). Where a Petitioner files a second or successive motion without certification from the court of appeals, the district court lacks jurisdiction to hear the motion and must either dismiss it or transfer it to the court of appeals. *Hernandez*, 2015 WL 4459442 at *3. Here Petitioner asserts that he wishes to add new facts and amend his claims after this Court has already adjudicated his § 2255 motion on the merits. His motion to amend is therefore not brought pursuant to Rule 15, but instead actually represents an attempt to bring a second or successive § 2255 motion without leave. As such, his motion to amend must either be dismissed or transferred to the Court of appeals. *Id.*

Petitioner's assertion that he is authorized to assert this amended claim pursuant to 28 U.S.C. § 2241 does not change this outcome. A motion pursuant to § 2255 is "the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). Section 2241 instead "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485-86 (3d Cir. 2001). Where a petitioner's claims attack the validity of a conviction or sentence they presumptively fall within § 2255 and would only be subject to § 2241 in certain rare and very narrow circumstances. *See* 28 U.S.C. § 2255(e); *In re Dorsainvil*, 119 F.3d 245, 249-51 (3d Cir. 1997). Those circumstances only arise where the remedy available under § 2255 is either inadequate or ineffective. *Okereke*, 307 F.3d at 120. "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." *Cradle v. Miner*, 290 F.3d 536, 539 (3d Cir. 2002). Indeed, the *Dorsainvil*

3

exception to this rule applies only in extremely unusual circumstances, such as where a prisoner had no prior opportunity to challenge his conviction for a crime that has been rendered non-criminal by an intervening change in substantive law. *Okereke*, 307 F.3d at 120.

Despite his reference to § 2241, that Petitioner seeks to amend his already decided § 2255 motion clearly establishes that he is attempting to challenge the validity of his conviction and sentence, and his purported new evidence/claims falls within the presumptive ambit of § 2255. Petitioner has presented no argument or evidence which would suggest that the remedy available under that section is inadequate, and is instead seeking to circumvent this Court's ruling on the merits as to his § 2255 motion. As Petitioner has not rebutted the presumption that his claims fall under § 2255, his reference to § 2241 is unavailing, and his attempt to amend remains an attempt to file a second or successive motion under § 2255 which must be either dismissed or transferred. *Okereke*, 307 F.3d at 120; *Hernandez*, 2015 WL 4459442 at *3.

The sole remaining question, then, is whether Petitioner's second or successive motion should be dismissed outright or transferred. Where a second or successive motion is filed in the district court without leave of the court of appeals, the court "may dismiss for want of jurisdiction or 'shall, if it is in the interests of justice, transfer'" the motion to the court of appeals. 28 U.S.C. § 1631; *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002), *cert. denied*, 540 U.S. 826 (2003). A transfer is not in the interests of justice where it would be futile. *See, e.g., Figueroa v. Miner*, Civil Action No. 05-3544, 2006 WL 208567, at *3 (D.N.J. Jan. 25, 2006). Transfer in this case would be futile as Petitioner's motion to amend contains no statement of the new facts he has alleged have come to light, nor of the amended/new claims Petitioner wishes to raise. The Court of appeals would therefore be unable to evaluate whether Petitioner has presented new evidence

4

or new law sufficient to warrant leave to file a second § 2255 motion, and would therefore be unable to grant such leave to Petitioner.  *See* 28 U.S.C. § 2255(h).  As transfer of this motion would be futile, this Court will dismiss Petitioner's motion to amend for want of jurisdiction.

### III. CONCLUSION

For the reasons stated above, Petitioner's motion to amend is DISMISSED for want of jurisdiction as a second or successive petition brought without leave.  An appropriate order follows.

Dated: August 4, 2015                                             __s/ Joseph E. Irenas_____
                                                                                    Hon. Joseph E. Irenas,
                                                                                  Senior United States District Judge